## STATE COURT OF APPEALS—Continued

### No. 4
### BOWERS v. BOWERS

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2667.   Decided July 6, 1925

413. DIVORCE—Imprisonment in the Ohio State Reformatory is not a ground for divorce under 11979 GC.

BUCHWALTER, P. J.

Catherine Bowers filed a petition in the Hamilton Common Pleas praying for divorce from Francis Bowers; her petition setting forth that her husband was tried and convicted of highway robbery and was now serving sentence in the Mansfield Reformatory.

Upon hearing, the court ruled that no grounds for divorce were set forth in petition. To reverse this ruling, error was prosecuted to the Court of Appeals, which held:

1. 11979 GC. sets forth sufficient grounds for divorce and includes the following: "The imprisonment of either party in the penitentiary, under sentence thereto. The petition for divorce under this clause must be filed during the imprisonment of the adverse party."

2. The question therefore presented is: does the imprisonment of a felon in the Ohio State Reformatory, under sentence of a court, and as punishment for a crime, constitute a ground for divorce in an action brought by a wife, or is the Ohio State Reformatory a penitentiary within the meaning of 11979 GC?

3. Authorities are cited as to the proposition that for adults it is a penitentiary, and as to juveniles, it is a house of correction.

4. Sec. 11979 GC. is unequivocal, and if the Ohio State Reformatory is a penitentiary, the wife was entitled to a decree of divorce.

5. A statute passed in 81 OL. 206, termed the institution as an intermediary penitentiary.

6. If the provisions of this statute are still in force, Catherine Bowers would be entitled to a divorce; but the legislature in a bill passed Apr. 24, 1891, 88 OL. 382, saw fit to change the institution not only in character but in name, to the Ohio State Reformatory.

7. Said statute further provided that adults could be committed under certain conditions, and the rules governing adults are the same as those governing juveniles.

8. Therefore, as it is not within the province of the court to act in a legislative capacity and as there is not statute stating that imprisonment in a Reformatory is a ground for divorce, the judgment of the lower court will be affirmed.

Judgment affirmed.

Attorneys—Walter K. Sibbald, Cincinnati, for Catherine Bowers.

### No. 5
### EUCLID 105th PROP. CO. v. WILHELMY

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6031.   Decided Oct. 19, 1925

707. LEASES—Where by the terms of the lease, the right is given to lessee to sell bulbs, natural and artificial flowers, no breach thereof is committed in refusing the lessee the right to sell Christmas trees.

VICKERY, J.

The Euclid 105th Properties Co. as lessor of the market, sued Edward Wilhelmy in the Cleveland Municipal Court for rent upon a lease of a stall in the markethouse to Wilhelmy. It seems that Wilhelmy vacated the premises before the expiration of the lease and the Company being unsuccessful in renting the stall during duration of the lease brought this action to recover rentals for the unexpired term thereof.

Wilhelmy's defense was that the Company violated the provision in the lease giving him the exclusive right to sell natural and artificial flowers. In the trial below, before a jury it was shown that one Temblett, a flower dealer, was permitted by the Company to store flowers in its premises which was not located in the market house nor in the Arcade leading to the market house. Wilhelmy also maintained that the Company previously breached the terms of the lease when during Christmas, it refused him the right to sell Christmas trees.

A judgment in favor of Wilhelmy was rendered in the Municipal Court and the Properties Co. prosecuted error on the ground that the evidence did not sustain Wilhelmy's contention. The Court of Appeals held:

1. Under the terms of the lease, Wilhelmy's exclusive right was limited to the market house property and the arcade leading thereto.

2. The storeroom occupied by Temblett is not a part of the market house or the arcade.

3. The evidence positively shows that no sales were made in the storeroom occupied by Temblett who used the room for the purpose of dressing up his flowers.

4. Christmas trees are not mentioned in the lease as one of the articles Wilhelmy might sell and they do not come under the head of bulbs or natural and artificial flowers. Therefore, the conduct of the Properties Co., in refusing to Wilhelmy the right to sell Christmas trees would not warrant a forfeiture of the lease.

Judgment reversed and case remanded for new trial.

Attorneys—M. P. Goodman for Properties Co.; F. T. Cullitan for Wilhelmy; both of Cleveland.